## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

DAVID ANGEL SIFUENTES III,

       Plaintiff,

v.

AT&T,

       Defendant.

Case No. 1:23-cv-834

Hon. Robert J. Jonker

_____/

## DEFENDANT AT&T MOBILITY LLC'S BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR PERMANENT INJUNCTION AND/OR DECLARATORY RELIEF

AT&T Mobility LLC ("AT&T") opposes Plaintiff David Angel Sifuentes III's Motion for Permanent Injunction and/or Declaratory Relief (the "Injunction Motion"), in which Plaintiff seeks the removal of his "restricted filer status" with this Court and a prohibition on "labeling" Plaintiff as a "serial filer, restricted filer, enjoined filer," or "mentioning how many cases he has filed." Dkt. 28, at 4. Because Plaintiff already appealed this Court's November 30, 2023, Order imposing filing restrictions on Plaintiff; the Sixth Circuit specifically approved this Court's imposition of filing restrictions on Plaintiff in denying Plaintiff's motion to prosecute his appeals *in forma pauperis*; and Plaintiff then dismissed those appeals rather than pay the appellate filing fees, Plaintiff is collaterally estopped from raising another attack on that Order in this case.

## BACKGROUND

Plaintiff is a serial *pro se* litigant in this Court. On November 30, 2023, in an unrelated case, this Court placed Plaintiff on "Restricted Filing" status "to deter future frivolous filings, and to avoid needless litigation burden on defendants and court personnel." *See Sifuentes v. Twitter Inc.*, Case No. 1:23-cv-981, Dkt. No. 17 (the "Filing Restriction Order"), at 9. In that

Order, the Court action held that "[a]ny Judicial Officer reviewing an application from Plaintiff to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(1) may grant such an application only after first determining that the complaint survives screening under the standards of 28 U.S.C. § 1915(e)(2)" and that "[n]o defendant named in any such complaint shall have an obligation to respond unless and until the Court authorizes service of the complaint on that defendant and sets a deadline for response." *Id.* The Court entered the Filing Restriction Order in response to Plaintiff's motion to vacate the final judgment entered against Plaintiff in that case (among other judgments entered against Plaintiff). *Sifuentes v. Twitter Inc.*, Case No. 1:23-cv-981, Dkt. 12, 13, 16, 17. On December 11, 2023, Plaintiff filed a notice of appeal of the Court's Filing Restriction Order, which was assigned Appeal No. 23-2066 in the Sixth Circuit. *Id.*, Dkt. 18, 19.

On May 14, 2024, the Sixth Circuit issued an Order in Sifuentes's appeal of the Filing Restriction Order (jointly addressing over a dozen additional related appeals filed by Sifuentes), denying Plaintiff's motions for leave to proceed *in forma pauperis* in those appeals. *Id.*, Dkt. 20. In that Order, the Sixth Circuit specifically held that "**the district court was within its discretion . . . to impose filing restrictions on Sifuentes**." *Id.* at 5 (citing *United States v. Petlechkov*, 72 F.4th 699, 710 (6th Cir. 2023)) (emphasis added). The Sixth Circuit explained that this Court's Filing Restriction Order "recounted Sifuentes's history of vexatious litigation, both in these cases and others, and 'imposed a conventional prefiling review requirement' that does not prevent him from continuing to file new documents or new cases." *Id.* at 5–6 (quoting *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 269 (6th Cir. 1998)). The Sixth Circuit ordered Plaintiff to pay the required filing fee for each appeal within 30 days. *Id.* at 6. Plaintiff did not pay the filing fees and instead voluntarily dismissed his appeal of the Filing Restriction Order (as

well as his appeal of the final judgment in the *Twitter* case). *See id.*, Dkt. 22, 23. Plaintiff

remains on Restricting Filing status, and the judgment in that case remains intact.[1]

Plaintiff filed this action (the "First Action") on August 8, 2023—before he was placed

on Restricting Filing status—and his *in forma pauperis* application was approved the same day.

Dkt. 1, 5. On October 27, 2023, AT&T moved to compel arbitration of Plaintiff's claims, and

that motion remains pending. Dkt. 11.

On May 20, 2024, Plaintiff filed another *pro se* case against AT&T in this Court (the

"Second Action"), along with an application to proceed *in forma pauperis*. *See* Case No. 1:24-

cv-519, Dkt. 2. As of today's date, the Court has not ruled on Plaintiff's application to proceed *in*

*forma pauperis* in the Second Action. Since filing the Second Action, Plaintiff has filed a

multitude of motions in both the First Action and the Second Action, including this Injunction

Motion and a petition for writ of mandamus with the Sixth Circuit, all arising out of the

Restricted Filing status this Court imposed on him. *See* Dkt. 27, 28, 29, 30, 31. In the Injunction

Motion and accompanying brief, Plaintiff raises a variety of constitutional challenges to this

Court's imposition of screening procedures on Plaintiff's *in forma pauperis* cases. Dkt. 28, 29. In

his briefing, Plaintiff fails to mention the Sixth Circuit's May 14, 2024, Order that expressly

approved the Filing Restriction Order. *Id.*

## ARGUMENT

The Sixth Circuit already ruled on this issue. In its May 14, 2024, Order, the Sixth Circuit

expressly held that this Court was entitled to place restrictions on Plaintiff's filings given his

---

[1] Plaintiff also recently filed a "Motion for Relief" from the Judgment in the *Twitter* case on May 20, 2024, which has not been ruled upon. *See id.*, Dkt. 21.

history of frivolous and vexatious litigation. *Sifuentes v. Twitter Inc.*, Case No. 1:23-cv-981, Dkt. 20, at 5–6. Collateral estoppel precludes Plaintiff from raising the issue again here.

"Issue preclusion, often referred to as collateral estoppel, 'precludes relitigation of issues of fact or law actually litigated and decided in a prior action between the same parties and necessary to the judgment, even if decided as part of a different claim or cause of action.'" *Georgia-Pac. Consumer Prod. LP v. Four-U-Packaging, Inc.*, 701 F.3d 1093, 1098 (6th Cir. 2012) (citing *Gargallo v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 918 F.2d 658, 661 (6th Cir. 1990)). "Four requirements must be met before issue preclusion applies: '(1) the precise issue must have been raised and actually litigated in the prior proceedings; (2) the determination of the issue must have been necessary to the outcome of the prior proceedings; (3) the prior proceedings must have resulted in a final judgment on the merits*;* and (4) the party against whom estoppel is sought must have had a full and fair opportunity to litigate the issue in the prior proceeding." *Id.* (quoting *Cobbins v. Tenn. Dep't of Transp.,* 566 F.3d 582, 589–90 (6th Cir. 2009)). All four elements are met here.

*First*, in the *Twitter* case, Plaintiff separately appealed the very Order imposing filing restrictions on him. *Sifuentes v. Twitter Inc.*, Case No. 1:23-cv-981, Dkt. 17, 18. Here, Plaintiff seeks removal of those filing restrictions and argues the Court had no right to impose them in the first place. But the Sixth Circuit already held that this Court "was within its discretion . . . to impose filing restrictions on Sifuentes." *Id.*, Dkt. 20, at 5.

*Second*, the determination of Plaintiff's Restricted Filing status was necessary to the outcome of the prior proceedings and directly addressed in the Sixth Circuit's Order. This Court's imposition of filing restrictions on Plaintiff was part of those overall proceedings—and necessary to them—but also functions as an independent judicial directive to Plaintiff that affects

all his future filings. The determination that Plaintiff should be placed on Restricted Filing status was necessary to (indeed, was the essential ruling of) this directive.

*Third*, the prior proceedings resulted in a final judgment on the merits of the case (*id.*, Dkt. 13) and the independent judicial directive that he be placed on Restricted Filing status (*id.*, Dkt. 17), both of which Plaintiff appealed and then dismissed after the Sixth Circuit refused to let him continue *in forma pauperis* (*id.*, Dkt. 14, 18, 22, 23).

And *fourth*, Plaintiff had a full and fair opportunity to litigate his Restricted Filing status in the prior proceedings. Instead, Plaintiff refused to pay the filing fee for his appeal of the Filing Restriction Order, and in fact dismissed that appeal after the Sixth Circuit entered its Order approving the Court's imposition of filing restrictions. *Id.*, 20, 22.

The Court should not allow Plaintiff to continue to waste judicial time and resources by relitigating issues this Court and the Sixth Circuit already decided.

Finally, even if this Court were inclined to consider the merits of Plaintiff's challenges to the screening procedures placed upon him, those challenges fail. This Court consistently has held that "[t]he screening required by § 1915(e)(2) applies to cases brought by prisoners and non-prisoners." *LeBlanc v. Kalamazoo Police Dep't*, No. 1:18-CV-487, 2018 WL 3197433, at *1 (W.D. Mich. June 29, 2018) (Jonker, J.) (citing *McGore v. Wrigglesworth*, 114 F.3d 601, 608–09 (6th Cir. 1997)). Moreover, the PLRA's *in forma pauperis* provisions consistently survive constitutional scrutiny. *See, e.g.*, *Hampton v. Hobbs*, 106 F.3d 1281 (6th Cir. 1997) (holding that similar attacks to fee provisions in section 1915 do not violate right of access to the courts, the First Amendment, equal protection, or due process); *Courtemanche v. Gregels*, 79 F. App'x 115, 117 (6th Cir. 2003) ("[S]ua sponte dismissals under the PLRA, as codified in part at 28 U.S.C. § 1915(e)(2)(B), do not violate the First Amendment because § 1915(e)(2)(B) 'only addresses

procedures to be followed once [a] claim is presented' and thus does not implicate . . . rights under the First Amendment to present the claim." (citation omitted)); *see also Klein v. Coblentz*, 132 F.3d 42 (10th Cir. 1997) (agreeing "with the uniform conclusion of other courts that, even under a variety of theories, the Act passes constitutional muster" (citing, *inter alia*, *Hampton*, 106 F.3d at 1283–88)).

## CONCLUSION

For the foregoing reasons, AT&T respectfully requests that the Court deny Plaintiff's Injunction Motion.

Respectfully submitted, this 2nd day of July, 2024.

s/ Thomas M. Amon
Thomas M. Amon
Michigan Bar No. P72351
WARNER NORCROSS & JUDD LLP
1500 Warner Building, 150 Ottawa Ave NW
Grand Rapids, MI 49503-2487
Telephone: (616) 752-2727
tamon@wnj.com

John P. Jett (*seeking admission*)
Georgia Bar No. 827033
KILPATRICK TOWNSEND &
  STOCKTON LLP
1100 Peachtree Street, Suite 2800
Atlanta, Georgia 30309
Telephone: (404) 815-6500
jjett@kilpatricktownsend.com

*Counsel for Defendant AT&T Mobility LLC*

**CERTIFICATE OF COMPLIANCE WITH W.D. MICH. LCivR 7.3(B)**

The undersigned attorney hereby certifies that, according to Microsoft Word, this brief is contains 1583 words, exclusive of case caption, cover sheets, table of contents, table of authorities, signature block, attachments, exhibits, affidavits, or other addenda, and thus does not exceed the 4,300 words allotted under Local Rule 7.3(b)(i).

This 2nd day of July, 2024.

s/ Thomas M. Amon
Thomas M. Amon
Michigan Bar No. P72351

*Counsel for Defendant AT&T Mobility LLC*