UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID ANGEL SIFUENTES, III,

       Plaintiff,                          Hon. Robert J. Jonker

v.                                        Case No. 1:23-cv-834

AT&T,

       Defendant.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendant's Motion to Compel Arbitration. (ECF No. 11). Plaintiff initiated this action against AT&T alleging that he is the victim of a data breach by Defendant. (ECF No. 1). As a result of this alleged compromise of his personal information, Plaintiff asserts numerous state law claims. Defendant has moved to compel arbitration. Plaintiff has responded to the motion. The Court finds that oral argument is unnecessary. *See* W.D. Mich. LCivR 7.2(d). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendant's motion be granted and this matter stayed pending completion of arbitration.

## ANALYSIS

Pursuant to the Federal Arbitration Act (FAA), "an agreement in writing to submit to arbitration an existing controversy arising out of. . .a contract evidencing a transaction involving commerce. . .shall be valid, irrevocable, and enforceable, save upon

-1-

such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The FAA "embodies the national policy favoring arbitration and places arbitration agreements on equal footing with all other contracts." *Richmond Health Facilities v. Nichols*, 811 F.3d 192, 195 (6th Cir. 2016).

The Court, however, cannot direct the parties to arbitrate a matter unless it "is satisfied that the parties agreed to arbitrate *that dispute*." *Dental Associates, P.C. v. American Dental Partners of Michigan, LLC*, 520 Fed. Appx. 349, 351 (6th Cir., Mar. 28, 2013). Plaintiff's claims are subject to arbitration if two conditions exist: (1) there exists between the parties a valid agreement to arbitrate, and (2) Plaintiff's claims fall within the scope of the arbitration agreement. *Javitch v. First Union Securities, Inc.*, 315 F.3d 619, 624 (6th Cir. 2003).

On August 11, 2016, Plaintiff signed a contract to begin receiving wireless telecommunication services from Defendant. (ECF No. 12, PageID.65, 68). This contract provided, in part, that Plaintiff and AT&T "agree to arbitrate all disputes and claims between us." (*Id.*, PageID.85). The contract further provided that "[t]his agreement to arbitrate is intended to be broadly interpreted" and "includes, but is not limited to": (1) claims arising out or relating to any aspect of the relationship between us, whether based in contract, tort, statute, fraud, misrepresentation, or any other legal theory; (2) claims that arose before this or any prior contract; (3) claims that are currently the subject of purported class action litigation in which you are not a member

of a certified class; and (4) claims that may arise after the termination of this contract. (*Id.*, PageID.85-86).

The Court finds that there does exist between the parties a valid and enforceable agreement to arbitrate. The Court also finds that the parties' arbitration agreement encompasses the claims Plaintiff has asserted in this matter. Plaintiff's arguments that arbitration is not appropriate in this instance are unpersuasive. Plaintiff argues that the agreement to arbitrate was not adequately explained to him and, moreover, that he was not afforded an adequate opportunity to review the contract. Plaintiff offers no evidence, however, to support his conclusory argument. Moreover, Plaintiff's use of AT&T's services for roughly two years after signing the service contract constitutes assent to the terms therein. *See, e.g., Tillman v. Macy's*, 735 F.3d 453, 460 (6th Cir. 2013).

When evaluating contract language regarding arbitration, the Court must do so "in light of the strong federal policy in favor of arbitration, resolving any doubts as to the parties' intentions in favor of arbitration." *Albert M. Higley Co. v. N/S Corp.*, 445 F.3d 861, 863 (6th Cir. 2006); *see also, Nationwide Mutual Ins. Co. v. Home Ins. Co.*, 429 F.3d 640, 650 (6th Cir. 2005) ("[i]f a dispute is even arguably within the scope of arbitration clause, the dispute is arbitrable"). The terms of the arbitration agreement to which the parties agreed are clear and unambiguous. As such, Plaintiff's present claims must be stayed and submitted to arbitration. *See* 9 U.S.C. § 3 ("[i]f any suit or proceeding be brought in any courts of the United States upon any issue referable to arbitration. . .the

court. . .shall on application of one of the parties stay the trial of the action until such arbitration has been had. . .").

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Defendant's Motion to Compel Arbitration (ECF No. 11) be granted and this matter stayed so that the parties may participate in arbitration as their agreement mandates.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: July 5, 2024

/s/ Phillip J. Green
PHILLIP J. GREEN
United States Magistrate Judge