FILED - GR
July 8, 2024 4:24 PM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY:JMW   SCANNED BY: KB / 7/9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID ANGEL SIFUENTES III,      CASE NO.1:23-cv-00834
          Plaintiff,                        1:24-cv-00519

V.                                   HON. ROBERT J JONKER
                                  U.S. DISTRICT JUDGE

AT&T,                             HON. PHILLIP J. GREEN
         Defendant.                 U.S. MAGISTRATE JUDGE
_____ /

## Objection to Report and Recommendation and Motion to Deny Motion to Compel Arbitration

Plaintiff, David Angel Sifuentes, III, In Pro Se, hereby objects to the Report and Recommendation (R&R) issued on July 5, 2024, which recommends granting Defendant's Motion to Compel Arbitration. Plaintiff respectfully requests that this Honorable Court reject the R&R and deny Defendant's motion. A party may raise claims and discuss arguments and evidence not before the Magistrate. See *Sifuentes v. Pluto TV*, Case No. 1:23-cv-1013, Docket no. 12, page no. 1-2 (W.D. Mich. Nov. 7, 2023, Judge Robert J. Jonker) (de novo review and ( *sua sponte screening twice by magistrate and district judge)* and denying complaint on Article III standing issue discussed in R&R by the Magistrate Judge).

I.      Introduction

The Magistrate Judge's R&R erroneously concludes that a valid arbitration agreement exists between the parties and that Plaintiff's claims fall within the scope of that agreement. However, Plaintiff contends that the purported arbitration agreement is unenforceable due to lack of informed consent, unconscionability, did not waive right to a jury trial, and the fact that Defendant's data breach falls outside the scope of the arbitration clause.

## II.    Argument

### A. Lack of Informed Consent

Plaintiff was not provided with a reasonable opportunity to review and understand the terms of the alleged arbitration agreement. The agreement was buried within a lengthy contract, and its terms were not adequately explained to Plaintiff. The lack of informed consent renders the agreement invalid and unenforceable. In *Morales v. Sun Constructors, Inc.*, 541 F.3d 218 (3d Cir. 2008), the court held that an arbitration agreement was invalid because it was presented in a take-it-or-leave-it manner, without providing the employee a reasonable opportunity to understand the terms.

### B. Unconscionability

The arbitration agreement is unconscionable due to its one-sided nature. The agreement broadly favors Defendant AT&T, limiting Plaintiff's rights and remedies while preserving Defendant's ability to pursue litigation in certain circumstances. This unequal bargaining power and the resulting unfair terms render the agreement unenforceable. In *Weaver v. American Oil Co.*, 257 Ind. 458 (1972), the court held that an arbitration agreement was unconscionable due to the gross disparity in bargaining power between the parties and the oppressive nature of the agreement's terms.

### C. Scope of the Arbitration Agreement

Plaintiff's claims arise from a data breach, which is not explicitly covered by the arbitration agreement. The agreement's language, while broad, does not encompass the specific facts and circumstances of Plaintiff's claims. Therefore, the dispute falls outside the scope of the arbitration clause and should be litigated in court. In *E.E.O.C. v. Waffle House, Inc.*, 534 U.S. 279 (2002), the Supreme Court held that an arbitration agreement did not bar the Equal Employment Opportunity Commission from pursuing victim-specific judicial relief in an ADA enforcement action, as the agreement did not specifically address such claims.

### D. The Right to a Jury Trial

The Magistrate did not discuss Plaintiff's right to a jury trial. Plaintiff did not knowingly and voluntarily waive his right to a jury trial. This requires a hearing, and the Magistrate cannot weigh the evidence and decide if a right was knowingly waived without a hearing. It is for a judge, not an arbitrator, to decide this. The Magistrate's rejection of Plaintiff's motion based on an arbitration agreement without a hearing denies due process. Further, the agreement makes no mention that a constitutional right would be forfeited by continued use of services.

### III. Conclusion

For the reasons stated above, Plaintiff respectfully requests that this Honorable Court reject the Magistrate Judge's Report and Recommendation and deny Defendant's Motion to Compel Arbitration. The alleged arbitration agreement is unenforceable due to lack of informed consent, unconscionability, denial of the right to a jury trial, and because the dispute falls outside the scope of the agreement. Plaintiff should be allowed to pursue his claims in this Court.

Respectfully submitted,

By:_____
In Pro Se
David Angel Sifuentes III
439 More St. NE
Grand Rapids, MI 49503
(616)283-5215
davidsifuentes61@yahoo.com

DATED: July 8, 2024