UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID ANGEL SIFUENTES, III,

    Plaintiff,

v.

AT&T,

    Defendant.

_____/

Case No. 1:23-cv-834

Hon. Robert J. Jonker

## ORDER APPROVING AND ADOPTING REPORT AND RECOMMENDATION

The Court has reviewed Magistrate Judge Green's Report and Recommendation, (ECF No. 36), recommending that the Court grant Defendant AT&T's Motion to Compel Arbitration, (ECF No. 11), and stay this case pending arbitration. The Court has also reviewed Plaintiff David Angel Sifuentes, III's Objections to the Report and Recommendation. (ECF No. 37). Under the Federal Rules of Civil Procedure, where—as here—a party has objected to portions of a Report and Recommendation, "[t]he district judge has a duty to reject the magistrate judge's recommendation unless, on *de novo* reconsideration, he or she finds it justified." 12 C. Wright & A. Miller, Federal Practice and Procedure § 3070.2 (3d ed. Apr. 2023 update). Specifically, the Rules provide that:

> The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed R. Civ. P. 72(b)(3). *De novo* review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co., Inc.*, 656 F.2d 1208, 1215 (6th Cir. 1981). The Court has reviewed *de novo* the claims and evidence presented to the Magistrate

Judge.

The Magistrate Judge recommends granting Defendant's Motion to Compel Arbitration and staying the matter so that the parties may participate in arbitration as their agreement mandates. (ECF No. 36).   After its review, the Court finds the Magistrate Judge's Report and Recommendation is factually sound and legally supported.   In his objections, Plaintiff contends that the alleged arbitration agreement is unenforceable due to lack of informed consent, unconscionability, denial of the right to a jury trial, and because the dispute falls outside the scope of the agreement.   But these objections are nothing more than repackaged versions of arguments that Judge Green already considered and appropriately rejected, and they have no impact on the Court's analysis.

**ACCORDINGLY, IT IS ORDERED that**:

1. The Report and Recommendation of the Magistrate Judge, (ECF No. 36), is **APPROVED AND ADOPTED** as the opinion of the Court.   Defendant AT&T's Motion to Compel Arbitration, (ECF No. 11), is **GRANTED**, and this matter is **STAYED** pending arbitration.

2. Defendant AT&T's Motion for Extension of Time to Response to Complaint, (ECF No. 10), and Plaintiff Sifuentes's Motion to Consolidate Cases, (ECF No. 24), are **DENIED as moot**.

3. Plaintiff Sifuentes's Application for Entry of Default, (ECF No. 16), is **DENIED** because Defendant AT&T's Motion to Compel Arbitration, (ECF No. 11), was timely and meritorious.

4. Plaintiff Sifuentes's Motion for Permanent Injunction, (ECF No. 28), and his Motion to Vacate Referral to Magistrate Judge, (ECF No. 40), are **DENIED**.   This

Court is permitted under 28 U.S.C. § 636(b)(1)(B) to refer matters such as motions to compel arbitration to a magistrate judge for proposed findings of fact and recommendations for disposition. Moreover, "[a] district court has the authority to issue an injunctive order to prevent prolific and vexatious litigants from filing pleadings without first meeting pre-filing restrictions." *See, e.g.*, *Stewart v. Fleet Fin.*, No. 99-2282, 2000 WL 1176881, at *2 (6th Cir. Aug. 10, 2000) (citations omitted). Such restrictions are constitutional, *id.*, and as the Court previously stated, filing limitations are required here to protect the time and other resources of the Court and its personnel.

5. The parties shall provide the Court with a short, written status report of the arbitration proceedings **every 90 days, as well as upon completion of the arbitration process.** Failure to keep the Court apprised of the status of the case on this schedule may lead to dismissal of this action for lack of progress.

4. **The Clerk's Office shall administratively close this case, subject to the participation of the parties in arbitration.** Upon conclusion of arbitration, either party may move to reopen this case, if necessary, by filing a motion referring to this Order.

**IT IS SO ORDERED.**

Dated: July 12, 2024            /s/ Robert J. Jonker
                                ROBERT J. JONKER
                                UNITED STATES DISTRICT