FILED - LN
July 18, 2024 10:56 AM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY __lg__    SCANNED BY _____

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

DAVID ANGEL SIFUENTES III,
        Plaintiff,

V.

AT&T,
        Defendant.

_____/

CASE NO.1:23-cv-00834

HON. ROBERT J. JONKER
U.S. DISTRICT JUDGE

HON. PHILLIP J. GREEN
U.S. MAGISTRATE JUDGE

## BRIEF IN SUPPORT OF MOTION FOR RECONSIDERATION TO ALTER OR AMEND JUDGMENT AND AMEND FINDINGS OF FACT

Plaintiff hereby moves this Honorable Court, pursuant to Federal Rule of Civil Procedure 59(e), and 52(b), 15(a) to reconsider its Order dated July 12, 2024 (the "Order"), approving and adopting the Magistrate Judge's Report and Recommendation and granting Defendant AT&T's Motion to Compel Arbitration. In the alternative, the Plaintiff moves the Court to alter or amend the judgment and amend the findings of fact.

## Grounds for Reconsideration

1. **Manifest Error of Law:** The Court's Order erred in finding that the Plaintiff's objections to the Magistrate Judge's Report and Recommendation were merely repackaged arguments. The Plaintiff's objections presented new evidence and legal arguments not previously considered, specifically regarding the lack of informed consent, unconscionability of the arbitration agreement, and the denial of the right to a jury trial. The Court failed to apply the correct standard of review to the Magistrate Judge's report and recommendation. Plaintiff objected to the report and recommendation on the ground that it did not address his unconscionability argument, and therefore the Court

1

should have conducted a de novo review of the entire record, not just the portions objected to. See Fed. R. Civ. P. 72(b)(3); *Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998)* ("[W]hen objections are made to portions of an R&R that were dispositive of the case, a district court must review those portions of the R&R de novo.").

2. **Unconstitutionality of Restricted Filer Status**: Labeling a litigant as a restricted filer infringes upon their constitutional right to access the courts, as protected by the First Amendment and the Due Process Clause of the Fourteenth Amendment. This is particularly true for indigent litigants who are subject to forma pauperis screening, which can be seen as discriminatory and a violation of their right to a trial in civil matters.

3. **Separation of Powers Doctrine**: The Court's decision to uphold the Plaintiff's restricted filer status infringes upon the separation of powers doctrine. The Court's sua sponte screening of the Plaintiff's pleadings, rather than allowing the defendants to respond, oversteps the judicial role.

4. **Lack of Service and Response**: The Court should consider that no litigants have been served with the complaints, and in some cases, no defendants have appeared. The reasons for the restrictions were based on the Court's own screening, not the defendants' responses.

5. **Premature Evaluation of Frivolousness**: The restricted filer status and enjoined filer status should only be considered after summons, responsive pleadings, and termination of the case to evaluate the frivolousness of the entire matter. Screening before the litigation even begins is premature and punishes the Plaintiff without due process.

6. **Right to Redress and Present Case**: The Plaintiff has the right to present his entire case with discovery, even if some of the claims are without merit. The Plaintiff still had the

option of presenting new issues, amending his complaint, and withdrawing claims and the complaint if subject to penalties under due process of law.

7. **No Intent to Harass**: The Plaintiff asserts that any duplicative pleadings were not meant to harass but were attempts to present his case to the best of his ability. The Plaintiff means no disrespect to the Court and seeks to have his restricted filer and enjoined filer status lifted.

8. Unconstitutional screening: The plaintiff asserts that this Courts screening process of Plaintiffs claims is unconstitutional, is discrimination from those who can pay, also denies the right to a jury trial.

## **Interest of Justice**

Reconsideration is necessary to prevent manifest injustice. Compelling the Plaintiff to arbitrate under an agreement that is arguably unconscionable and obtained without informed consent would deprive the Plaintiff of the right to a fair and impartial hearing. To remove the filing restrictions and prevent any further screening.

## **Due Process notice to be heard if any sua sponte dismissal**

In *Eberhart v. United States, 546 U.S. 12 (2005)*: The Supreme Court addressed the issue of sua sponte dismissal under the Federal Rules of Civil Procedure and emphasized the importance of providing notice and an opportunity to respond. This Court should allow Plaintiff an opportunity to be heard before any sua sponte dismissal. *Hollon v. Mathis, 963 F.3d 598 (6th Cir. 2020)*: The

court emphasized the importance of providing notice and an opportunity to be heard before dismissal of a motion.

## Alternative Relief: Alter or Amend Judgment and Amend Findings of Fact

In the alternative, the Plaintiff respectfully requests that the Court alter or amend the judgment to deny Defendant AT&T's Motion to Compel Arbitration. The Plaintiff further requests that the Court amend the findings of fact to reflect the new evidence presented regarding the lack of informed consent and unconscionability of the arbitration agreement also to lift the filing restrictions and present any further screening of plaintiffs complaints.

## Conclusion

For the foregoing reasons, Plaintiff respectfully requests that this Honorable Court grant this Motion for Reconsideration and vacate its Order dated July 12, 2024. In the alternative, the Plaintiff requests that the Court alter or amend the judgment and amend the findings of fact[1]

Respectfully submitted,

By:_____
Plaintiff In Pro Se
David Angel Sifuentes III
439 More St. NE
Grand Rapids, MI 49503
(616)283-5215
davidsifuentes61@yahoo.com

DATED: July 16, 2024

4

David Angel Sifuentes Ⅰ ᴢ Ⅼ

439 More 5th NE

Chit 2

Grand Rapids, MI 49503

Clerk

113 Fed

315 W

Lansing

Retail

U.S. POSTAGE PAID
FCM LG ENV
GRAND RAPIDS, MI 49501
JUL 16, 2024

UNITED STATES
POSTAL SERVICE®

48933

**$2.04**

S2324A502421-93

RDC 99

eral Bldg.
Allegan St.
, MI 48933